**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISON**

| | |
|---|---|
| ANDRE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-cv-239-JMS-WGH |
| | ) |
| J.F. CARAWAY, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Directing Further Proceedings**

**I.**

The plaintiff shall have **through October 22, 2014,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on August 5, 2014.

**II.**

Plaintiff Andre Jones, an inmate at the United States Penitentiary in Terre Haute, Indiana, filed this civil action alleging that on February 10, 2012, he had a seizure and blacked out. During the seizure he was allegedly beaten by Mr. Sawyer and several other correctional staff members whose names are unknown. Jones alleges that the defendants' actions violated his Eighth Amendment rights. His claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The complaint is subject to the screening requirement of 28 U.S.C. ' 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

This action is subject to dismissal because it was filed on August 5, 2014, after the expiration of Indiana's 2-year statute of limitations, with Jones' claim having accrued on February 10, 2012. *See Myles v. United States,* 416 F.3d 551 (7th Cir. 2005). "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660, 2013 WL 5779636 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate).

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D. Ind. 2004). For the reasons explained above, that is the case here.

The plaintiff shall have **through October 22, 2014,** in which to show cause why this action should not be dismissed as time barred.

**IT IS SO ORDERED.**

Date: October 1, 2014

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

ANDRE JONES
#44762-039
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808